YELYERTON, Judge.
This is an appeal from a judgment maintaining an exception of res judicata and dismissing plaintiffs suit. We affirm.
There are two lawsuits involved here. We will refer to them as the first lawsuit and the second lawsuit. It is the dismissal of the second lawsuit that is on appeal before us now, and it is the judgment rendered in the first lawsuit that forms the basis for the plea of res judicata.
Trahan has at all times in these cases represented himself.
The first lawsuit was filed by Financeam-erica Corporation against Merlin J. Trahan to enjoin him from interfering with plaintiffs ownership rights in a certain tract of land in Iberia Parish. Financeamerica had previously foreclosed on the property under a mortgage and had acquired ownership by virtue of the subsequent seizure and sale. In the first lawsuit, alleging that Trahan was on the property and refused to get off of it, Financeamerica asked for an injunction. Trahan reconvened in that suit attacking the foreclosure proceedings and seeking a judgment declaring the sheriffs sale null and void. In due course a judgment was rendered by the trial court granting the injunction in the main demand and rejecting the reconventional demand. The trial judge gave extensive reasons for judgment, considering and explaining his denial of the reconventional demand on every ground asserted by Trahan.
Trahan appealed that judgment to this court, the Court of Appeal, Third Circuit, and in an unpublished opinion dated June 26,1987, this court affirmed the trial court, with reasons, and attaching as Appendix A, as additional reasons,, the transcribed oral reasons for judgment given by the trial court. Trahan applied for writs to the Louisiana Supreme Court, and writs were denied, 515 So.2d 446 (La.1987). That final judgment is the judgment which is now being pleaded by Financeamerica Corporation (and its successor, Chrysler First Financial Service Corporation) as res judica-ta.
The second lawsuit was filed by Trahan against Financeamerica Corporation while the appeal above described was pending. The second lawsuit sought the nullity of the sheriffs sale and damages based on an illegal sale, just as did the reconventional demand filed in the first suit.
After the current suit was filed while the appeal was pending in the first suit, the trial court granted a stay on a exception of lis pendens. After the first judgment was affirmed and the judgment became final, the trial court heard arguments on this exception of res judicata and granted the exception, dismissing the second lawsuit at Trahan’s costs.
We have carefully examined all of the pleadings, briefs, transcripts, rulings, opinions, and judgments in both of these cases and we find that the exception of res judi-cata was properly maintained. The authority of the thing adjudged took place: in the second lawsuit the thing demanded was the same; the demand was founded on the same cause of action; the demand was between the same parties and formed by them against each other in the same quality. La.C.C. art. 3556(31); La.R.S. 13:4231; *354 La.C.C.P. art. 927(2); La.C.C.P. art. 934. We affirm the trial court. Cost of appeal will be paid by Merlin Trahan.
AFFIRMED.